USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

GILBERTO SOSA,

                Petitioner,

    - against -

MOHAWK CORR. FAC.,

                Respondent.
-------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**MEMORANDUM AND ORDER**

07 Civ. 5916 (NRB)

Petitioner Gilberto Sosa ("Sosa" or "petitioner"), currently incarcerated at Mohawk Correctional Facility in Rome, New York, brings this pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Sosa challenges his March 6, 2003 conviction after a jury trial in the Supreme Court, New York County (Ambrecht, J.) on one count of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(1)) and one count of Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09(1)).[1]   Petitioner was sentenced to concurrent, indeterminate terms of from ten to twenty years imprisonment for the Third Degree count and from three to six years imprisonment for the Fourth Degree count.

---

[1] On the same date, petitioner was also acquitted of one count of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(1)). The prosecution dismissed the count of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.39(1)) after the court declared a mistrial on that count after the jury was unable to reach a verdict. (Fleischmann Decl. Ex. A, 2.)

On direct appeal to the Appellate Division, First Department, the petitioner asserted that his conviction should be set aside because it was against the weight of the evidence and, in the alternative, that his sentence was excessive. (Fleischmann Decl. Ex. A 15-20; 21-23.)  The Appellate Division unanimously affirmed the conviction and refused to modify the sentence.  People v. Sosa, 35 A.D.3d 245, 824 N.Y.S.2d 710 (1st Dept. 2006).  Petitioner sought leave to appeal the decision of the Appellate Division to the Court of Appeals on both issues, but was denied.  People v. Sosa, 8 N.Y.3d 927, 834 N.Y.S.2d 517 (2007).  Petitioner then timely filed this petition on May 28, 2007.

Petitioner asserts four grounds for habeas relief: (1) that his conviction was against the weight of the evidence; (2) his sentence is excessive; (3) that the trial court failed to adequately weigh the probative strength of the evidence and consider other relevant factors; and (4) that his communication difficulties with his counsel and his court appointed interpreter denied him a fair trial.

For the reasons set forth below, we deny Sosa's habeas petition in its entirety.

## BACKGROUND[2]

[2] The following facts are taken from the submissions of the parties, specifically, the Petition ("Pet."), briefs and other submissions included as exhibits to respondent's Declaration in Opposition to Petition for a Writ of Habeas Corpus ("Fleischmann Decl."), petitioner's submission filed in response to respondent's declaration ("Pet'r. Resp."), and other information included in respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("Fleischmann Mem.").  We construe the facts in favor of the

-2-

On August 24, 2002, plain clothes officers of the New York City Police Department were sitting in an unmarked sport utility vehicle on 111th Street between Lexington and Third Avenue in Manhattan.   (Fleischmann Decl. Ex. A, 5, Ex. B, 5-6.)   They observed Sosa taking money from and giving small objects to Ismael Zabala in an apparent drug transaction.  The officers then arrested Sosa and Zabala, recovering from Sosa forty one dollars in cash and ninety zip-lock bags, of which seventy were orange and twenty were clear.  (Fleischmann Decl. Ex. A, 6-7.)  The ninety bags found on Sosa contained approximately one eighth of an ounce of cocaine. Id. at 6, n.4.  From Zabala the officers recovered five orange zip-lock bags containing cocaine.  Id. at 7.  The five bags recovered from Zabala were the same size and color as the seventy orange bags recovered from Sosa.  Id.

A New York County grand jury returned Indictment No. 7375/02, charging petitioner with one count of Criminal Sale of a Controlled Substance in the Third Degree, two counts of Criminal Possession of a Controlled Substance in the Third Degree, and one count of Criminal Possession of a Controlled Substance in the Fourth Degree. (Fleischmann Decl. Ex. A, 2.)

The petitioner proceeded to a jury trial that lasted from March 4 to March 6, 2003.  At trial the prosecution introduced testimony from Detective Muhammad and Captain Schapowal of the New

---

prosecution, as is appropriate following a conviction. See, e .g., Crawford v. Greiner, No. 02 Civ. 7636(NRB), 2003 WL 21714932, at *3 (S.D.N.Y. July 23, 2003).

York City Police Department that they had observed the petitioner and Zabala engaging in what they believed to be a drug sale and had recovered zip-lock bags containing cocaine from the petitioner and Zabala. (Fleischmann Decl. Ex. A, 6, 9.) On cross examination, Ismael Gonzalez, Esq., petitioner's trial counsel, showed the two officers pictures of 111th Street which they were unable to identify (though they had properly identified other pictures of the street shown to them by the prosecution on direct examination) and questioned Detective Muhammad about inconsistencies in her testimony regarding whether the zip-lock bags that she recovered from Sosa were all held inside a "little white pouch" that she testified to having seen hanging out of Sosa's pocket. Id. at 6-7, 10.

In its case-in-chief, the defense called Zabala, an admitted drug user with a criminal history including four felony and sixteen misdemeanor drug convictions, who testified that he had purchased the drugs found on him before meeting Sosa. Id. at 11. Zabala testified that he was merely talking to Sosa, who was previously known to him, when a police officer approached the two and began to beat Zabala in the face and chest. Id.; (Fleischmann Decl. Ex. B, 8.) Zabala also testified that the officers did not recover any drugs from Sosa, but had planted the drugs on Sosa's person. Id. at 9.

On March 6, 2003, the jury found petitioner guilty of two counts of cocaine possession but acquitted the petitioner on one

-4-

count of heroin possession. (Fleischmann Decl. Ex. B, 2.) The jury deadlocked on the criminal sale count. The court declared a mistrial with respect to that count, and thereafter the prosecution dismissed it. Id. at 2-3. Petitioner was sentenced on March 26, 2003 to an indeterminate term of ten to twenty years imprisonment on the Third Degree count and an indeterminate term of three to six years imprisonment on the Fourth Degree count, to run concurrently. (Fleischmann Decl. Ex. A, 14.)

## DISCUSSION

### I.  Applicable Law

It is well settled that before bringing a federal habeas petition, a petitioner convicted in state court must exhaust his state remedies by presenting his federal constitutional claims to the highest state court from which a decision can be had. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 275 (1971); Ramirez v. Att'y Gen. of N.Y., 280 F.3d 87, 94 (2d Cir. 2001). When the claim is presented to the state court, it must be framed so as "to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A petitioner must have "placed before the state court essentially the same legal doctrine he asserts in his federal petition." Dave v. Att'y Gen. of N.Y., 696 F.2d 186, 191-92 (2d Cir. 1982).

In the interest of justice, a habeas court is to construe a *pro se* claim liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (noting that courts should "construe complaints filed by *pro se* litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'"). However, the petitioner retains "the burden of 'sustaining his allegations by a preponderance of the evidence.'" Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997) (quoting Walker v. Johnston, 312 U.S. 275, 286 (1941)). A claim that is vague or conclusory may be summarily rejected on that basis alone. See, e.g., Dory v. Comm'r of Corr., 865 F.2d 44, 45 (2d Cir. 1989) (summary dismissal of a habeas petition is justified where the allegations are "'vague conclusory, or palpably incredible'").

We consider petitioner's four grounds for relief *in seriatim*.

## II.  Ground One: The Conviction Was Against the Weight of the Evidence

Petitioner's first ground for relief is that his conviction was against the weight of the evidence. (Pet. 5.) This argument was raised on direct appeal to the Appellate Division and Court of Appeals and is exhausted. (Fleischmann Decl. Ex. A 15.)

However, this claim is not cognizable on federal habeas review. It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to

-6-

draw reasonable inferences from basic facts to ultimate facts."
United States v. Brown, No. 06 Cr. 2342, 2008 WL 345491, at *1 (2d
Cir. Feb. 8, 2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319
(1979)).   Furthermore, a claim that the conviction is against the
weight of the evidence is a New York State law claim and federal
habeas courts may review only federal constitutional claims.   See
Norris v. Fischer, No. 06 CV 2190(JG), 2007 WL 1452127, at *6
(E.D.N.Y. May 15, 2007) ("Though New York law grants state
appellate courts the right to evaluate the weight of the evidence,
see N.Y. Crim. Proc. Law § 470.15, and to order new trials on that
ground, federal courts on habeas review may properly assess only
the sufficiency of the evidence."); see also Norman v. Brown, No.
06 CV 4047(GEL), 2007 WL 519242, at *4 (S.D.N.Y. Feb. 16, 2007),
Medina v. Phillips, No. 05 Civ. 5685(NRB), 2006 WL 1997706, at *3
(S.D.N.Y. July 18, 2006).[3]

Based on petitioner's citation of Jackson v. Virginia, 443
U.S.  307  (1979),  in  his  brief  to  the  Appellate  Division,
(Fleischmann Decl. Ex. A 15), and this Court's duty to construe
complaints filed by *pro se* litigants liberally, we also interpret
this claim as challenging the legal sufficiency of the evidence.
Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); Dave v. Att'y
Gen.  of  N.Y.,  696  F.2d  186,  194  (2d  Cir.  1982).   Because

---

[3] We note that in habeas proceedings a state court's determinations of factual
issues are presumed to be correct.  See 28 U.S.C. § 2254(e)(1).  After being
presented with the same argument made here, the Appellate Division held that
there was "no basis for disturbing the jury's determinations concerning
credibility."  (Fleischmann Decl. Ex. C 11.)

petitioner's brief to the Appellate Division and subsequent request for leave to appeal to the Court of Appeals included the same citation to Jackson, we deem petitioner's sufficiency of the evidence claim exhausted. See Daye, 696 F.2d at 194 (state defendant may fairly present the constitutional nature of his federal claim to state courts by relying on federal cases employing constitutional analysis).

Evidentiary sufficiency in a state criminal trial is a state law matter "and does not rise to federal constitutional dimensions... absent a record so totally devoid of evidentiary support that a due process issue is raised." Diaz v. Herbert, 317 F. Supp. 2d 462, 477 (S.D.N.Y. 2004) (quoting Mapp v. Warden, N.Y. State Corr. Inst. for Women, 531 F.2d 1167, 1173 n.8 (2d Cir. 1976) (internal quotations omitted)). When considering the evidentiary sufficiency of a state criminal conviction, the evidence is deemed sufficient "if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. 307, 319 (1979) (emphasis in original); see also Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). Thus, a petitioner "bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula, 297 F.3d at 179 (internal quotations omitted).

In evaluating the sufficiency of the evidence in a state court conviction, we first look to state law to determine the elements of the crime. Id. (quoting Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999)). Under New York law, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it." N.Y. Penal Law § 220.16(1). "A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more." N.Y. Penal Law § 220.09(1).

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that petitioner was guilty of both of these counts. Detective Muhammad testified that she observed the petitioner giving Zabala small objects and receiving cash in return. (Fleischmann Decl. Ex. A 5.) Furthermore, she testified to finding ninety zip-lock bags containing cocaine when she arrested the petitioner. Id. at 6. Muhammad testified that when she searched Zabala she found five zip-lock bags containing cocaine that were the same size and shape as seventy of those recovered from the petitioner. Id. at 7. A police chemist testified that there was, in aggregate, more than one eighth of an ounce of

-9-

cocaine in the zip-lock bags taken from the petitioner.  Id. at 6 n.4.

The bags recovered from the petitioner and the testimony of the police chemist were sufficient for a rational trier of fact to conclude that the defendant possessed, in aggregate, one eighth of an ounce or more of a compound containing cocaine in violation of N.Y. Penal Law § 220.09(1).  The large number of bags possessed by the petitioner containing cocaine and the officers' testimony that they observed the defendant making a sale were sufficient evidence of possession of a controlled substance with intent to sell in violation of N.Y. Penal Law § 220.16(1).

Petitioner further challenges the credibility of the police testimony at trial.  On direct appeal and in the instant action, petitioner argues that the testimony of the two police witnesses, Detective Muhammad and Captain Schapowal, was inconsistent and contradictory.  He claims their testimony was "incredible," and in convicting him the jury "failed to give the evidence the weight it should be accorded."  (Fleischmann Decl. Ex. A, 15-16.)  Petitioner claims "Zabala's testimony that Schapowal planted the drugs on [petitioner] certainly was more believable than the contradictory accounts given by the two police witnesses."  Id. at 19.

Because the function of a federal habeas court judging the legal sufficiency of the evidence is only to ask "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt," we do not reassess the jury's credibility

-10-

judgments.  Jackson, 443 U.S. at 318; see also Maldonado v. Scully,
86 F.3d 32, 35 (2d Cir. 1996) ("[A]ssessments of the weight of the
evidence or the credibility of witnesses are for the jury and not
grounds for reversal on appeal; we defer to the jury's assessments
of both of these issues").  Thus, in judging the legal sufficiency
of the evidence, the only question presented by petitioner's
challenge to the credibility of the police witnesses is whether any
rational trier of fact could have credited their testimony.  We
find that a rational trier of fact - as the jury did here - could
have found the testimony of the two police witnesses more credible
than the testimony offered by Zabala, an admitted drug user with an
extensive criminal record.

### III.  Ground Two: Excessively Harsh Sentence

Petitioner next claims that his sentence was excessive in
light of the "low-level nature of [his] crime." (Pet. 5.) On
direct appeal petitioner argued that the Appellate Division should
have exercised its discretion under state law to reduce the
sentence.  (Fleischmann Decl. Ex. A, 21.)  While this is not a
federal constitutional argument, petitioner did "assert the claim
in terms so particular as to call to mind a specific right
protected by the Constitution," specifically the Eighth Amendment's
prohibition of cruel and unusual punishment.  Daye v. Att'y Gen. of
N.Y., 696 F.2d 186, 194 (2d Cir. 1982).  Accordingly, we find that

the federal constitutional issue was fairly presented to the Appellate Division and Court of Appeals and is exhausted.

Sosa was sentenced as a second felony offender,[4] see N.Y. Penal Law §§ 70.06(3)(b) and (4)(b), to an indeterminate term of ten to twenty years imprisonment for Criminal Possession of a Controlled Substance in the Third Degree, a Class B felony, N.Y. Penal Law § 220.16, which carries a twenty-five year maximum sentence, N.Y. Penal Law § 70.06(3)(b); and to a concurrent indeterminate term of three to six years imprisonment for Criminal Possession of a Controlled Substance in the Fourth Degree, a Class C Felony, N.Y. Penal Law § 220.09, which carries a seven year maximum sentence, N.Y. Penal Law § 70.06(3)(c). (Fleischmann Decl. Ex. B, 19.) Both sentences were within the applicable statutory range, and as a result, he is not entitled to habeas relief because "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam); see also Sheppard v. Filon, 01 Civ. 9992(JSM), 2002 WL 1313332, at *1 (S.D.N.Y. June 13, 2002) ("Sentencing decisions are not cognizable on habeas corpus review unless the sentence imposed falls outside the range prescribed by state law.").

Petitioner's sentence fell within the prescribed statutory range and was not disproportionate in light of his criminal history.  See United States v. Gaggi, 811 F.2d 47, 63 (2d Cir.

---

[4] Petitioner had previously been convicted of three felony drug offenses and a felony weapons offense. (Fleischmann Decl. Ex. B 20.)

1987) ("[W]e should not substitute our judgment for that of the sentencing court, but when applying the Eighth Amendment... decide only whether the sentence is within constitutional limits; a review that rarely requires extended analysis."). Accordingly, petitioner's claim that his sentence is excessively harsh is denied.

## IV. Ground Three

In petitioner's third ground for relief he paraphrases language from two New York Court of Appeals Cases. (Pet. 6.) Petitioner paraphrases language from People v. Bleakley, 69 N.Y.2d 490, 495 (1987), in which the court discusses the duty of intermediate state appellate courts to "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony." The petitioner also paraphrases People v. Farrar, 52 N.Y.2d 302, 305 (1981) ("The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence").

Petitioner's third ground appears to be a hybrid restatement of his first two grounds for relief. Therefore, we deny relief on petitioner's third ground for the same reasons discussed above.

-13-

## V.  Ground Four: Communication Problems

In his fourth ground for relief petitioner asserts that he
"couldn't adequately and fairly participate in [his] defense"
because of a "lack of communication" with his attorney, Ismael
Gonzalez, Esq., and his court appointed interpreter.  (Pet.  6.)
We construe petitioner's fourth ground for relief as raising two
distinct but related claims: (1) petitioner could not understand
the proceedings because he does not speak English and he had
difficulty understanding his court appointed interpreter; and (2)
that petitioner's trial counsel was ineffective.

### A.  Exhaustion

Both of these claims are unexhausted, as they have never been
raised in state court.  Daye v. Att'y Gen. of N.Y., 696 F.2d 186,
190 n.3 (2d Cir. 1982); 28 U.S.C. § 2254(b)(1)(A), 2254(c).  A
federal court may allow a petitioner raising unexhausted claims to
return to state court to exhaust those claims or may deny an
unexhausted claim on the merits where it deems the claim "patently
frivolous."[5]  See 28 U.S.C. § 2254(b)(2); Rodriguez v. Miller, No.
96 Civ. 4723(HB), 1997 WL 599388, at *3 (S.D.N.Y. Sept. 29, 1997).

---

[5] While the Second Circuit has not yet set a standard for dismissal of
unexhausted claims, all four districts in New York have used the "patently
frivolous" test.  See Hamm v. Payant, No. 05 CV 8158(JCF), 2007 WL 403497, at
*3 (S.D.N.Y. Feb.  6, 2007); Thompson v. Burge, No. 05-CV-2914 (JFB), 2007 WL
2020185, at *6, *6 n.4 (E.D.N.Y. July 6, 2007); Hernandez v. Conway, 485 F. Supp.
2d 266, 273 n.1 (W.D.N.Y. 2007); Shaw v. Superintendent, Attica Correctional
Facility; No. 9:03-CV-0610 (NPM), 2007 WL 951459, at *10 (N.D.N.Y. March 28,
2007).

For reasons discussed *infra*, we find these unexhausted claims, which we now summarize, to be patently frivolous.

## B.  Inadequate Interpretive Assistance

While the Supreme Court has not directly addressed the issue, several circuits, including the Second Circuit, recognize that non-English speaking defendants have a constitutional right to a court appointed interpreter during their criminal trial.  See United States ex rel. Negron v. State of N.Y., 434 F.2d 386, 389-91 (2d Cir. 1970); Abdullah v. INS, 184 F.3d 158, 164-65 (2d Cir. 1999) ("[I]n defending against criminal prosecution, accused defendants have a constitutional right to be provided with the services of an interpreter."); see also United States v. Johnson, 248 F.3d 655, 663-64 (7th Cir. 2001) (same).  In Negron, the Second Circuit grounded the right to a court appointed interpreter in the Sixth Amendment right to confront adverse witnesses.  434 F.2d at 389. The  Court  stated  that  a  non-English  speaking  defendant's "incapacity to respond to specific testimony would inevitably hamper the capacity of his counsel to conduct effective cross-examination."  Id. at 390.

Here,  petitioner  was  provided  with  a  court  appointed interpreter during trial.  However, petitioner states that "due to lack of communication and struggles between myself, my attorney, and the court appointed interpreter, I couldn't adequately and fairly participate in my defense."  (Pet. 6.)  In addition, he

-15-

states that "things come out in the minutes differently from how the interpreter and my lawyer were telling it to me." (Pet'r Resp. 5.)

Petitioner does not explain how, or if, he attempted to bring these general difficulties to the attention of the trial court and does not provide any specific examples of these difficulties. This Court has previously held that for the defendant to preserve his constitutional right to adequate interpretive assistance, he must raise the issue with the trial court if it is not manifestly obvious. United States v. Vargas, 871 F. Supp. 623, 625 (S.D.N.Y. 1994) (noting that the inadequacy of interpretation "would have been obvious" to the defendant and "a remedy was readily available if requested") accord Phillips v. Miller, 2000 WL 33650803, at *12-13 (S.D.N.Y. 2000). Because petitioner had been provided a court appointed interpreter, the trial court was entitled to presume that petitioner was receiving an adequate translation of the proceedings absent some indication by the petitioner or his counsel to the contrary. The practical reasons for a contemporaneous objection rule in this context are clear.

Petitioner's own submissions to this Court also provide ample grounds to doubt the existence of language related communication difficulties at trial. He contradicts his allegations of communication difficulties when he writes "I know Spanish perfectly and I understand it − I know what the interpreter was saying and my lawyer." (Pet'r Resp. 5.) Furthermore, petitioner repeatedly

-16-

discusses what his counsel said to him during the trial, which indicates that he was able to understand what his counsel said. Id. at 4-6.

Accordingly, we find petitioner's inadequate interpretive assistance claim to be patently frivolous and we dismiss it on the merits pursuant to 28 U.S.C. § 2254(b)(2).

## C.  Ineffective Assistance of Counsel

As set forth in Strickland v. Washington, in order to prevail on this claim, he must show that his counsel's representation fell below an objective standard of reasonableness and that it is reasonably probable that but for counsel's unprofessional errors, the result of the proceedings would have been different.  466 U.S. 668, 687-88 (1984).  Counsel's performance is only ineffective if his "identified acts or omissions were outside the wide range of professionally competent assistance."  Id. at 690.  Upon review of effectiveness of counsel, we must be highly deferential to attorney performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.[6]

Here, Sosa asserts several different facts in support of his claim that Gonzalez was ineffective: (1) Gonzalez arrived late to Sosa's first appearance after he was retained; (2) Gonzalez failed

---

[6] For the purpose of determining whether counsel provided ineffective assistance in violation of the Sixth Amendment, the performance of retained counsel is judged no differently than that of appointed counsel.  Cuyler v. Sullivan, 446 U.S. 335, 344-45 (1980).

to stop the judge from increasing Sosa's bail after Sosa arrived late for his next appearance, although Sosa claimed he was actually early; (3) Gonzalez failed to prevent the judge from revoking Sosa's bail at Sosa's next appearance; (4) Gonzalez arrived at Sosa's next court appearance at three in the afternoon while Sosa had been waiting for him since seven in the morning; (5) the information in the trial transcript is not the same as the information Gonzalez and the court interpreter communicated to Sosa in Spanish during the trial; and (6) "Gonzalez wasn't well prepared for [Sosa's] case because he had too much other work at the same time." (Pet'r Resp. 4-6.)

While it is plain from petitioner's submissions that he believes his counsel did not devote enough time to him or his case,[7] the Sixth Amendment does not guarantee Sosa a "meaningful relationship" with his counsel, only effective representation. Morris v. Slappy, 461 U.S. 1, 13-14 (1983). First, we note that many of petitioner's complaints relate to bail issues which are irrelevant to his conviction and this habeas petition. Second, and most importantly, the verdict, acquittal on one count and a hung jury on another, demonstrated counsel's effectiveness. Gonzalez's cross examination of the police witnesses based on pictures of the scene of the arrest he took and his securing the testimony of Ismael Zabala in Sosa's defense persuaded the jury to find Sosa not

---

[7] Here, we note that in petitioner's response to the respondent's Declaration in Opposition, he has attached copies of various complaints and claims he has made against Gonzalez for the money petitioner paid to retain him.

guilty of the most serious charge, Criminal Sale of a Controlled Substance in the Third Degree. Clearly, there was little counsel could do to alter the fact that petitioner possessed ninety zip-lock bags containing controlled substances. The jury was hardly required to believe Zabala - a drug user convicted of multiple felonies - when he stated that the police had planted the drugs on Sosa.

Petitioner does not explain how Gonzalez's alleged shortcomings amounted to a professionally unreasonable failure of representation. Furthermore, petitioner fails to articulate any theory under which these alleged failures of representation prejudiced the outcome of his trial. Accordingly, petitioner's allegations are insufficient to rebut the strong presumption that counsel's representation was objectively reasonable.

Thus, we find petitioner's ineffective assistance of counsel claim to be patently frivolous and we dismiss it on the merits pursuant to 28 U.S.C. § 2254(b)(2).

## CONCLUSION

For the foregoing reasons, Sosa's habeas petition is denied. As he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). In addition, we certify that any appeal from this decision would not be taken in good faith. See 28

U.S.C. § 1915(a)(3).    The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: New York, New York
       February 22, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Gilberto Sosa
03 A 1881
Mohawk Correctional Facility
PO Box 8451
6100 School Road
Rome, NY 13440

Lisa Fleischmann, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

-20-